723 A.2d 12

Leigh D'ANTONIO, et al.

v.

STATE of Maryland, et al.

No. 49, Sept. Term, 1996.

Court of Appeals of Maryland.

Dec. 22, 1998.

David F. Albright, Jr. (Roger J. Bennett, Timothy J. Codd, Horn & Bennett, P.A., on brief), Baltimore, for petitioners.

Timothy E. Fizer (Law Office of Joseph F. Lavin), Baltimore, for respondents.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI *, RAKER, and ROBERT C. MURPHY (Retired, specially assigned), JJ.

PER CURIAM.

This case arose as a result of injuries which Mrs. D'Antonio sustained when her motor vehicle was struck by a bus owned by the State of Maryland. Mrs. D'Antonio was driving a vehicle covered by an insurance policy issued by Valiant Insurance Company with $500,000 uninsured and underinsured motorist coverage. Mrs. D'Antonio, joined by her husband, filed suit in the Circuit Court for Baltimore County against the State and the driver of the bus for damages for her injuries and loss of consortium. At the time, state law limited the State's liability under the Maryland Tort Claims Act, Maryland Code (1984, 1993 Repl.Vol.), § 12–101 et seq. of the State Government Article, to $50,000. The State tendered $50,000 in settlement of the suit, which the D'Antonios did not accept, apparently fearing impairment of their right to recover uninsured/underinsured motorist benefits from their insurer, Valiant. The D'Antonios then filed a claim with Valiant for uninsured/underinsured motorist benefits for any damages over $50,000, and Valiant denied the claim. Thereafter, the D'Antonios filed an amended complaint adding Valiant as a defendant and alleging breach of the insurance contract.

Valiant filed a motion for summary judgment, contending that the D'Antonios were not eligible for any uninsured/under-

---

* Karwacki, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

insured motorist benefits under the policy, even if the damages exceeded the State's liability limit of $50,000. Valiant relied on the provision of the policy which states that Valiant will pay damages "which an 'insured' is legally entitled to recover from the owner or operator" of an uninsured/underinsured motor vehicle. Valiant contended that the D'Antonios were not "legally entitled to recover" more than $50,000 from the State because of the State's statutory immunity from damages in excess of $50,000. Valiant also argued that the D'Antonios were not eligible for uninsured/underinsured motorist benefits under the policy because the policy excluded from the definition of "uninsured motor vehicle" any vehicle "owned by any governmental unit or agency" or "owned or operated by a self-insurer." Because the bus was owned by the State of Maryland, which is both a governmental unit and a self-insurer, Valiant contended that the uninsured/underinsured motorist coverage of the policy was not triggered. The D'Antonios filed a cross-motion for summary judgment, disputing Valiant's contentions.

Agreeing with Valiant's argument, the circuit court granted Valiant's motion for summary judgment and denied the D'Antonios' motion. The court entered final judgment for Valiant pursuant to Maryland Rule 2–602(b), and the D'Antonios filed a notice of appeal. Prior to any proceedings in the Court of Special Appeals, both Valiant and the D'Antonios filed in this Court petitions for a writ of certiorari which we granted.

We have today filed our opinion in *West American Insurance Company v. Popa*, 352 Md. 455, 723 A.2d 1 (1998), which decides, contrary to Valiant's position, the issues raised in Valiant's motion for summary judgment. Consequently the grant of summary judgment must be reversed and the case remanded for further proceedings not inconsistent with our opinion in *West American Insurance Company v. Popa*.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSIS-*

*TENT WITH THIS OPINION. COSTS TO BE PAID BY VALIANT INSURANCE COMPANY.*